GULL CONTRACTING CO. INC., Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31306.) — Claimant, herein referred to as Gull, has appealed from so much of a judgment of the Court of Claims as limits its recovery to $309.50 and dismisses a remaining cause of action for the placing of 18,007 cubic yards of topsoil at the price of $3.10 per cubic yard for a total recovery of $55,821.07. The claim stems from a roadside improvement contract between Gull and the State, under which Gull was to landscape somewhat less than three miles of Van Wyck Expressway in the borough of Queens. Pavements laid by other contractors had, generally speaking, left roadside slopes six inches below their projected final grade. The plans and specifications for claimant's contract provided for "seeded areas" and "planted areas". Shrubs and vines were to be placed in the "planted areas". Trees were to be planted as indicated on the plans. The scheme for the improvement called for the placing of six inches of topsoil on the slopes of all of the territory to be landscaped except only in minor indicated spots where other contractors had filled to final grades, for which topsoil the contractor would be paid at the rate of $3.10 a cubic yard under Specifications Item 121A. Item 127 of the specifications had to do with the planted areas. Thereunder plant roots were to be set in ten inches of topsoil.

Thus, because the planting pits were to be so close as to overlap, this requirement called for sixteen inches of topsoil in the planted areas. The controversy has to do with the method of paying for this lower ten inches. Item 127 provided that " payment for plants and planting " would " be at the contract unit price for the actual number of plants of each kind, size and quality * * * *and* : * * shall include * * * furnishing topsoil." (Emphasis supplied.) It is admitted by claimant that ordinarily topsoil placed around the roots would be paid for only in such manner; likewise, that no claim is made for the topsoil used for the planting of trees. Gull's claim for payment for the yardage of topsoil necessary for the lower ten inches in the planted areas is sought to be justified on the theory of a modification of specifications. Reference is made to Sheet 1 of the contract plans stating, " All work contemplated under this contract to be covered by and in conformity with the specifications adopted January 2, 1947, except as modified by these Plans and in the Itemized Proposal." The alleged modification is said to be on Sheet 3, Schedule A, Item 121A, under Remarks: " On all areas to be seeded *and planted except where top-soiled by others* ". (Emphasis supplied.) The sheet is oiled cloth. The typewritten portions evidence several white spots where the type has been erased and pen printing inserted. The words above emphasized are pen printed in the white erasure area. Concededly these erasures and pen printings occurred before the plans were sent out to Gull and others for bids. There is no proof to indicate the text of the erased portions or that any change of text had been made. Schedule B for Item 121A, on the same sheet, read, in part, " Topsoil depth after compaction six (6) inches on all areas to be seeded and planted ". Since it is clear that the contractor was to be paid for a six-inch overlay of topsoil on both seeded and planted areas, the words, " and planted ", occurring in both quotations, belonged there to indicate the extent of the six-inch overlay and to avoid the possibility that, when completed, the planted areas would be six inches lower than the seeded areas. Their inclusion could not reasonably be interpreted as varying the applicability of the topsoil provisions governing unit contract prices for planting shrubs and vines under Item 127. The court below properly found that the meaning and intent of the contract relating to the placing and payment for topsoil under Items 121A and 127 are clear and unambiguous. Judgment unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.